**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Pete Cordova CORTEZ, Irma Angelica**
**Casanova, Defendant.**

**Cr. No. 1899–SD.**

United States District Court
S. D. California.

March 29, 1968.

---

Edwin L. Miller, U. S. Atty., Phillip W. Johnson, Asst. U. S. Atty., San Diego, Cal., for plaintiff.

John H. Stone, National City, Cal., for defendant, Irma Angelica Casanova.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

Defendant, Irma Angelica Casanova, moves to suppress the fruits of a border search. To the extent that there is any conflict in the evidence (there is very little), the court believes the testimony of the officers, not the defendant. The facts are these:

Defendant Casanova drove a car across the Mexican border on the 9th of September, 1967, with one Pete Cordova Cortez riding as a passenger. When the car was stopped for border inspection Customs officer Geiger noticed that the defendant Casanova was extremely nervous, and that the arms of the male passenger bore scars of the type found on the bodies of narcotics addicts. Officer Geiger took the car and its occupants to the secondary area. There he discovered that Cortez had been convicted of an offense involving marihuana but had not registered when he entered Mexico.[1] He ordered a personal search of defendant Casanova which (according to the testimony) always involves a body cavity search. The search was conducted by Mrs. Loretta Lohman, a Customs in-

spector, who asked defendant to strip, place her feet about two feet apart, bend over, and open her vagina with her hands. No force was used and there is no evidence that there were any threats. When the defendant did as requested two rubber containers were seen protruding from defendant's vagina. Mrs. Lohman, using a piece of Kleenex, removed these packages which contained about one-eighth of an ounce of what may be assumed to be heroin. Mrs. Lohman did not invade the vagina.

In Henderson v. United States, 390 F.2d 805 (9 Cir. July 7, 1967), the court held that what was required of the defendant here is unlawful in the absence of "clear indication"—"plain suggestion" of the presence of narcotics. While I think that the facts supporting the search are stronger here than were the facts in *Henderson.* I have trouble applying the "clear indication"—"plain suggestion" test. Even so, I find that the search here was lawful.

The *Henderson* case does not depart from the proposition that a border search is unique. The case recognizes the need for searches in the enforcement of law, but requires that against that need there be balanced the need to protect human dignity. I therefore, look at the person whose dignity is to be preserved. The defendant here was in the company of a narcotics user who was required to, but did not, register at the border. She was his companion in a border town notorious for its traffic in narcotics. If the defendant knew these things, then she should expect that her dignity might be ruffled upon her entry to this country. If she did not know who her companion was and what his habits were, then she was careless of her dignity. I think it is not too much to require that those who would live with dignity make some effort to preserve it. One who accompanies a drunk in a public place may expect to be embarrassed. The companion of a narcotics user at a border town may expect some embarrassment.

[1]. 18 U.S.C. § 1407.

I recognize the heresy in looking at the person whose rights are involved. I know that when we speak of dignity, we do not speak of the defendant, whose dignity was certainly lost when she stuffed the heroin in her vagina, but of the nameless women who, in the absence of some controls, may be subjected to indignities at the border. It does seem to me, however, that we go right to the point—that we protect the value sought to be protected if we ask, under the circumstances of the case (and apart from the fruits of the search), was there a dignity here that ought to be protected? I think not, and I think the search was lawful.

The motion to suppress is denied.